

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,477-01

### EX PARTE CLYDE JAY-TODD WALKER III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-0228X IN THE 71ST DISTRICT COURT
### FROM HARRISON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of driving while intoxicated and sentenced to three years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that is being held on a parole revocation warrant for over ninety days, has not been charged with any new offense, and is being denied a parole revocation hearing despite his requests. On August 19, 2020, this Court remanded the case to the trial court so that it could make findings of fact and conclusions of law, as well as to obtain a response from a person with knowledge of relevant facts addressing the issue of whether the Parole Board is providing Applicant

with a timely parole revocation hearing. The trial court has now made findings and conclusions; however, it is not clear whether Applicant, as of February 2022, has been given a timely final parole revocation hearing.

Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.282(a). In these circumstances, additional facts are needed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts addressing the issue of whether the Parole Board is providing Applicant with a timely parole revocation hearing. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is currently being held on the parole revocation warrant executed in 2020 and, if so, whether he has received a timely final revocation hearing. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts

from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: March 2, 2022
Do not publish